1  Carolyn Hunt Cottrell (SBN 166977)
   David C. Leimbach (SBN 265409)
2  SCHNEIDER WALLACE
   COTTRELL KONECKY
3  WOTKYNS LLP
   2000 Powell Street, Suite 1400
4  Emeryville, California 94608
   Telephone: (415) 421-7100
5  Facsimile: (415) 421-7105
   ccottrell@schneiderwallace.com
6  dleimbach@schneiderwallace.com

7  Attorneys for Plaintiff and the
   Putative Collective and Class

8

9              **UNITED STATES DISTRICT COURT**
               **EASTERN DISTRICT OF CALIFORNIA**
10

11 JOSHUA COWLEY, on behalf of himself and    | Case No. _____
   all others similarly situated,
12                                             | **COLLECTIVE AND CLASS ACTION**
           Plaintiff,                          | **COMPLAINT**
13
14 v.                                          | **COMPLAINT FOR VIOLATIONS OF:**
                                               |    **(1) FAIR LABOR STANDARDS ACT**
   PRUDENTIAL SECURITY, INC.,                  |    **(2) CALIFORNIA LABOR CODE; and**
15                                             |    **(3) CALIFORNIA BUSINESS AND**
           Defendant.                          |        **PROFESSIONS CODE**
16
                                               | **DEMAND FOR JURY TRIAL**
17

18

19

20

21

22

23

24

25

26

27

28

---

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Cowley v. Prudential Security, Inc.*

Plaintiff Joshua Cowley, on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys, brings this lawsuit against Prudential Security, Inc. ("Prudential" or "Defendant") seeking to recover for Defendant's violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"); the applicable California Labor Code provisions; the applicable Industrial Welfare Commission ("IWC") Wage Order; and the Unfair Business Practices Act, California Business and Professions Code §§ 17200, *et seq.* ("UCL"). Plaintiff complains and alleges as follows:

## INTRODUCTION

1.      This is a collective and class action complaint against Prudential to challenge its policies and practices of: (1) failing to pay non-exempt, hourly security guards for all hours worked; (2) failing to pay required minimum wages; (3) failing to pay required overtime wages; (4) failing to authorize, permit, and/or make meal and rest periods available, and failing to pay premium pay for these missed breaks; (5) failing to pay all wages after termination of employment; and (6) failing to provide accurate, itemized wage statements.

2.      Plaintiff is a former non-exempt, hourly security guard work worked for Prudential in California City, California. In this role, Plaintiff provided on-site security guard services for Defendant's customers. Plaintiff seeks to represent other current and former non-exempt, hourly security guards of Defendant who work in California and elsewhere in the United States. Plaintiff alleges Defendant has engaged in unlawful patterns and practices of failing to meet the requirements of the FLSA, the California Labor Code, and the California Business and Professions Code.

3.      Defendant fails to compensate Plaintiff and putative Collective and Class Members for all of the time that they spend working for Defendant's benefit, including work performed pre-shift, post-shift, and outside of scheduled hours, all without compensation.

4.      Because of these issues, Defendant does not pay Plaintiff and putative Collective and Class Members for all hours worked, including minimum wage and overtime. Ultimately, the daily time that Defendant requires Plaintiff and putative Collective and Class Members to work

without compensation deprives them of substantial amounts of pay to which they are entitled under Federal law and the laws of the states of California.

5.     As Plaintiff and putative Collective and Class Members regularly work in excess of eight hours per day and forty hours per week, at least some of this off-the-clock work should be compensated at overtime rates. However, Defendant fails to pay for any of this work time, including the required overtime premiums, in violation of the FLSA and California Labor Code.

6.     Plaintiff and other putative Collective and Class Members regularly work in excess of six hours per days and are routinely denied timely and compliant meal and rest periods, and the requisite pay for working through such breaks. Indeed, as a matter of policy, Defendant requires Plaintiff and putative Collective and Class Members to work entire shifts without a duty-free meal or rest break.

7.     Defendant also requires Plaintiff and putative Collective and Class Members to incur numerous work-related expenses, including but not limited to required usage of personal cell phones during shifts and during off days. Defendant does not reimburse Plaintiff and putative Collective and Class Members for these expenditures.

8.     As a result of the above violations, Defendant fails to provide Plaintiff and putative Collective and Class Members with accurate, itemized wage statements. Defendant has also failed to pay all wages after these hourly employees, like Plaintiff, voluntarily or involuntarily terminated their employment with Defendant.

9.     Defendant is also liable for violation of the Unfair Business Practices Act for the violations described above.

10.     Plaintiff seeks full compensation on behalf of himself and putative Collective and Class Members for all unpaid wages, unpaid overtime, noncompliant meal and rest periods, waiting time penalties, and premium pay, as well as penalties under the California Private Attorney General Act ("PAGA"). Plaintiff also seeks declaratory and injunctive relief, including restitution. Finally, Plaintiff seeks reasonable attorneys' fees and costs under the FLSA, California Labor Code, and California Code of Civil Procedure § 1021.5. Plaintiff seeks damages in an amount that exceeds $75,000.00.

**PARTIES**

11.     Plaintiff Joshua Cowley worked for Prudential as a non-exempt, hourly security guard in the State of California from approximately March 2019 until April 2019. Plaintiff worked for Defendant in California City, California, and was paid at a rate of approximately $17.00 per hour.

12.     Plaintiff resides in the State of California and is over eighteen years of age. Plaintiff was a resident of the State of California at all relevant times described herein.

13.     Defendant Prudential Security, Inc. is a Michigan corporation and maintains its headquarters in Taylor, Michigan. Defendant is registered with the California Secretary of State as a foreign corporation and does business in the State of California.  Defendant does business in California and throughout the United States.

14.     At all relevant times, Defendant has done business under the laws of California, has places of business in the State of California, including in this judicial district, and has employed putative Collective and Class Members in this judicial district.   Defendant is a "person" as defined in California Labor Code § 18 and California Business and Professions Code § 17201. Defendant is also an "employer" as that term is used in the California Labor Code and the IWC Wage Order.

**JURISDICTION AND VENUE**

15.     The FLSA authorizes private rights of action to recover damages for violation of the FLSA's wage and hour provisions. 29 U.S.C. § 216(b). This Court has original federal question jurisdiction under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the California state law claims under 28 U.S.C. § 1367(a) because they are so related to this action that they form part of the same case or controversy.

16.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b). At all material times Defendant has been actively conducting business in the State of California and within the geographic area encompassing the Eastern District of California judicial district.

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Cowley v. Prudential Security, Inc.*

**FACTUAL ALLEGATIONS**

17.     Plaintiff worked for Prudential as a non-exempt, hourly security guard in the State of California from approximately March 2019 until April 2019. Plaintiff worked for Defendant in California City, California, where he was assigned by Defendant to work as a security guard at a Hyundai vehicle testing center.

18.     Similar to Plaintiff, the putative Collective and Class Members are current and former non-exempt, hourly security guards who work, or have worked, for Defendant in California and throughout the United States.

19.     Defendant is a security company that provides security services to clients in California and throughout the United States. Defendant employs Plaintiff and putative Collective and Class Members as security guards, who perform security services as uniformed or plain-clothes, armed or unarmed guards, on foot and/or using patrol vehicles. Defendant employs Plaintiff and putative Collective and Class Members and assigns them to perform these services at the facilities of Defendant's customers.

20.     Defendant provides security services for commercial and residential properties throughout the United States, including in California.

21.     Plaintiff and putative Collective and Class Members perform duties including, but not limited to, monitoring and patrolling the premises they are assigned to on foot and in security vehicles, screening individuals and license plate numbers of vehicles entering secured locations, creating identification badges, logging and keeping records of visitors and vehicles entering secured locations, and responding to any situations that may arise.

22.     Plaintiff and putative Collective and Class Members are classified as hourly, non-exempt employees and are paid an hourly rate for their services.  Plaintiff and putative Collective and Class Members typically work shifts in excess of eight hours a day, and at least four or five days per week.

23.     Defendant requires Plaintiff and putative Collective and Class Members to perform work off-the-clock without compensation.

///

24.     Defendant requires the security guards to arrive early, before their clock-in time, in order to relieve the security guard(s) who are ending the previous shift and allow for an uninterrupted transition of the guarding duties. Defendant requires Plaintiff and putative Collective and Class Members to begin working for approximately ten to fifteen minutes before they are allowed to clock in. As a result of these policies and practices, Defendant requires Plaintiff and putative Collective and Class Members to spend significant pre-shift time working for Defendant's benefit, without payment for this time.

25.     Defendant requires Plaintiff and putative Collective and Class Members to perform work off-the-clock without compensation at the end of their shifts. Defendant routinely instructs the security guards to complete additional work duties, such as refueling vehicles, after they have clocked out for their shifts. These tasks regularly take approximately fifteen to twenty minutes to complete. As a result of these policies and practices, Defendant requires Plaintiff and putative Collective and Class Members to spend significant post-shift time working for Defendant's benefit, without payment for this time.

26.     Defendant further requires Plaintiff and putative Collective and Class Members to perform work off-the-clock without compensation on their days off and outside of their scheduled shifts. Defendant's managers regularly, frequently, and repeatedly send text messages to security guards when they are not at work, including late at night and early in the morning. Defendant requires Plaintiff and putative Collective and Class Members to review and respond to these messages – on their personal cellphones – and this time goes unpaid. The messages pertain to a variety of topics, including but not limited to whether the work was performed in a satisfactory manner and instructions for completion of upcoming work. Plaintiff and putative Collective and Class Members regularly spend twenty to thirty minutes per day reviewing and responding to Defendant's text messages. This time is spent working for Defendant's benefit, without compensation.

27.     All of this time that Defendant requires Plaintiff and putative Collective and Class Members to work without compensation deprives them of substantial amounts of pay to which they are entitled under Federal and California law.  Depending upon how many hours Plaintiff

and putative Collective and Class Members work in a day, this unpaid time is owed to them at both straight-time and overtime rates.

28. Defendant also requires Plaintiff and putative Collective and Class Members to work beyond the statutory maximum times without legally compliant meal and rest breaks. In fact, these breaks are not made available. Plaintiff and putative Collective and Class Members regularly work their entire shifts without receiving any meal or rest breaks, in blatant disregard for the law, as they are required to remain at their posts at all times and are not provided with break relief. To the extent that Plaintiff and putative Collective and Class Members are able to take any form of break, it is invariably on duty and of insufficient duration. Plaintiff and putative Collective and Class Members are not provided premium payments for missed or non-compliant meal and rest periods.

29. As a result, Defendant fails to provide Plaintiff and putative Collective and Class Members with full, timely, off-duty meal and rest periods, as required by the California Labor Code and IWC Wage Order 4-2001.

30. In addition, Defendant requires Plaintiff and putative Collective and Class Members to incur numerous work-related expenses, including but not limited to the use of personal cellphones during and after shifts.

31. Defendant does not provide Plaintiff and putative Collective and Class Members with accurate wage statements as required by California law. The wage statements given to Plaintiff and putative Collective and Class Members do not reflect off-the-clock work, including overtime work, which goes unrecorded and unpaid by Defendant, as well as premium pay for missed meal and rest breaks.

32. Defendant does not provide Plaintiff and putative Collective and Class Members with full payment of all wages during employment and following separation from employment. Plaintiff and putative Collective and Class Members are owed for unpaid wages, premium pay for missed meal and rest breaks, and unreimbursed business expenses, and these amounts remain unpaid during employment and after voluntary and involuntary termination.

///

33. Defendant is aware that it maintains policies and practices that deprive its non-exempt, hourly employees of compensation for time worked, including overtime compensation, and of the fact that its non-exempt, hourly employees do not get the meal and rest periods to which they are entitled. Therefore, the denial of wages and compliant meal and rest periods to Plaintiff and putative Collective and Class Members is knowing and willful.

34. Plaintiff is informed, believes, and thereon alleges that Defendant's unlawful conduct has been widespread, repeated, and consistent as to the putative Collective and Class members and throughout Defendant's operations in California and the United States.

35. Defendant's conduct was knowing, willful, carried out in bad faith, and caused significant damages to Plaintiff and putative Collective and Class members in an amount to be determined at trial.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

36. Plaintiff brings the First Count (the FLSA claim) as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and a proposed collection of similarly situated employees defined as:

> All current and former non-exempt, hourly security guards of Defendant throughout the United States during the time period from three years prior to the filing of the complaint until resolution of this action. (the "Collective")

37. Plaintiff, individually and on behalf of other similarly situated persons defined above, seeks relief on a collective basis challenging Defendant's policies and practices of failing to accurately record all hours worked and failing to properly pay for all hours worked, including overtime compensation and required minimum wages. The number and identity of other similarly situated persons yet to opt-in and consent to be party-plaintiffs may be determined from Defendant's records, and potential opt-ins may be easily and quickly notified of the pendency of this action.

38. Plaintiff's claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to § 216(b) of the FLSA because Plaintiff's FLSA claims are similar to the claims of the members of the Collective.

39.     The members of the Collective are similarly situated, as they have substantially similar job duties and requirements and are subject to a common policy, practice, or plan that requires them to perform work "off-the-clock" and without compensation in violation of the FLSA.

40.     Plaintiff is a representative of the members of the Collective and is acting on behalf of their interests as well as his own interests in bringing this action.

41.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Collective.   Plaintiff has retained counsel competent and experienced in employment and wage and hour class action and collective action litigation.

42.     The similarly-situated members of the Collective are known to Defendant, are readily identifiable, and may be located through Defendant's records.   These similarly situated employees may readily be notified of this action, and allowed to "opt-in" to this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, unpaid overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

43.     Plaintiff contemplates providing a notice or notices to all of the employees, as approved by the Court, to be delivered via United States Mail and other means. The notice or notices shall, among other things, advise each of the FLSA employees that they shall be entitled to "opt in" to the FLSA Action if they so request by the date specified within the notice, and that any judgment on the FLSA Action, whether favorable or not, entered in this case will bind all FLSA collective members who timely request inclusion in the class.

## **CLASS ACTION ALLEGATIONS UNDER FED. R. CIV. P. 23**

44.                     Plaintiff brings the Second through Ninth Counts (the California state law claims) as an "opt-out" class action pursuant to Federal Rule of Civil Procedure 23.  The California Class is initially defined as:

> All current and former non-exempt, hourly security guards of Defendant throughout the State of California during the time period from four years prior to the filing of the complaint until resolution of this action. (the "Class")

45.     **Numerosity**:  Defendant has employed potentially hundreds of non-exempt, hourly security guards during the applicable statutory period. The number of putative Class Members are therefore far too numerous to be individually joined in this lawsuit.

46.     **Existence and Predominance of Common Questions**:  There are questions of law and fact common to Plaintiff and putative Class Members that predominate over any questions affecting only individual members of the Class.  These common questions of law and fact include, without limitation:

a.   Whether Defendant fails to authorize and permit, make available, and/or provide putative Class Members meal periods to which they are entitled in violation of the Labor Code and Wage Order;

b.   Whether Defendant fails to authorize and permit, make available, and/or provide putative Class Members meal periods to which they are entitled in violation of Business and Professions Code §§ 17200 *et seq.*;

c.   Whether Defendant fails to authorize and permit, make available, and/or provide putative Class Members rest periods to which they are entitled in violation of the Labor Code and Wage Order;

d.   Whether Defendant fails to authorize and permit, make available, and/or provide putative Class Members rest periods to which they are entitled in violation of Business and Professions Code §§ 17200 *et seq.*;

e.   Whether Defendant fails to compensate putative Class Members for all hours worked, including minimum wages and overtime compensation, in violation of the Labor Code and Wage Order;

f.   Whether Defendant fails to compensate putative Class Members for all hours worked in violation of Business and Professions Code §§ 17200 *et seq.*;

g.   Whether Defendant has a policy and/or practice of requiring putative Class Members to perform work off-the-clock and without compensation;

///

///

h. Whether Defendant fails to provide putative Class Members with timely, accurate itemized wage statements in violation of the Labor Code and Wage Order;

i. Whether Defendant fails to pay putative Class Members all wages due upon the end of their employment in violation of the Labor Code and Wage Order;

j. Whether Defendant's failure to pay putative Class Members all wages due upon the end of their employment has been an unlawful, unfair, or fraudulent business act or practice in violation of Business and Professions Code §§ 17200 *et seq*.; and

k. The proper formula for calculating restitution, damages, and penalties owed to Plaintiff and the putative Class Members as alleged herein.

47. **Typicality**:  Plaintiff's claims are typical of the claims of the Class.  Defendant's common policies, practices, and course of conduct in violation of law as alleged herein have caused Plaintiff and the putative Class Members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

48. **Adequacy**:  Plaintiff will fairly and adequately represent and protect the interests of the Class because Plaintiff's interests do not conflict with the interests of the members of the Class he seeks to represent.  Plaintiff has retained Counsel competent and experienced in complex employment and wage and hour class action litigation, and intends to prosecute this action vigorously.  Plaintiff and his Counsel will fairly and adequately protect the interests of the Class.

49. **Superiority**:  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all putative Class Members is not practicable, and questions of law and fact common to Plaintiff and putative Class Members predominate over any questions affecting only individual members of the Class.  The injury suffered by each Putative Class Member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendant economically feasible. Individualized litigation increases the delay and expense to all Parties and the Court. By

1 contrast, class action treatment will allow those similarly situated persons to litigate their claims

2 in the manner that is most efficient and economical for the parties and the judicial system.

3      50.    In the alternative, the Class may be certified because the prosecution of separate

4 actions by the individual members of the Class would create a risk of inconsistent or varying

5 adjudication with respect to individual members of the Class, and, in turn, would establish

6 incompatible standards of conduct for Defendant.

7      51.    Class treatment will allow those similarly situated persons to litigate their claims in

8 the manner most efficient and economical for the Parties and the judicial system.

9      52.    Plaintiff knows of no difficulty that would be encountered in the management of

10 this litigation that would preclude its maintenance as a class action.

11      53.    Plaintiff intends to send notice to all putative Class Members to the extent required

12 under applicable class action procedures. Plaintiff contemplates providing a notice or notices to

13 the California Class, as approved by the Court, to be delivered through the United State Mail. The

14 notice or notices shall, among other things, advise the California Class that they shall be entitled

15 to "opt out" of the class certified for the California Action if they so request by a date specified

16 within the notice, and that any judgment on the California Action, whether favorable or not,

17 entered in this case will bind all putative Class Members except those who affirmatively exclude

18 themselves by timely opting out.

19 **FIRST CAUSE OF ACTION**
**Violation of the Fair Labor Standards Act**

20 **(By Plaintiff and the Collective)**

21      54.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set

22 forth herein.

23      55.    The FLSA requires that covered employees receive compensation for all hours

24 worked and overtime compensation at not less than one and one-half times the regular rate of pay

25 for all hours worked in excess of forty hours in a work week.  29 U.S.C. § 207(a)(1).

26      56.    At all times material herein, Plaintiff and the Collective are covered employees

27 entitled to the rights, protections, and benefits provided under the FLSA.

28      57.    Defendant is a covered employer required to comply with the FLSA's mandates.

58. Defendant has violated the FLSA with respect to Plaintiff and the Collective, by, inter alia, failing to compensate Plaintiff and the Collective for all hours worked and, with respect to such hours, failing to pay the legally mandated overtime premium for such work and/or minimum wage. See 29 U.S.C. § 206; 29 U.S.C. § 207 (a), (g); 29 C.F.R. § 531.35. Defendant has also violated the FLSA by failing to keep required, accurate records of all hours worked by Plaintiff and the Collective. 29 U.S.C. § 211(c).

59. Plaintiff and the Collective are victims of a uniform and company-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to current and former non-exempt, hourly employees of Defendant, working in their retail establishments throughout the United States.

60. Plaintiff and the Collective are entitled to damages equal to the mandated pay, including minimum wage, straight time, and overtime premium pay within the three years preceding the filing of the original complaint, plus periods of equitable tolling, because Defendant has acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

61. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

62. As a result of the aforesaid violations of the FLSA's provisions, pay, including minimum wage, straight time, and overtime compensation, has been unlawfully withheld by Defendant from Plaintiff and the Collective. Accordingly, Defendant is liable for unpaid wages, together with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

63. Wherefore, Plaintiff and the Collective request relief as hereinafter provided.

///

///

///

**SECOND CAUSE OF ACTION**
**Failure to Compensate for All Hours Worked**
**(By Plaintiff and the California Class)**

64.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

65.     Plaintiff alleges that Defendant willfully engaged and continues to engage in a policy and practice of not compensating Plaintiff and putative Class Members for all hours worked or spent in Defendant's control. Detailed above, Defendant required, suffered, and/or permitted Plaintiff and the putative Class to perform work for the benefit of Defendant without compensation, with Defendant's knowledge.

66.     California Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation."

67.     California Labor Code § 204(a) provides that "[a]ll wages … earned by any person in any employment are due and payable twice during each calendar month…."

68.     California Labor Code § 1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

69.     IWC Wage Order 4-2001(2)(K) defines hours worked as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so…."

70.     In violation of California law, Defendant knowingly and willfully refuses to perform its obligation to provide Plaintiff and putative Class Members with compensation for all time worked. Therefore, Defendant committed, and continues to commit, the acts alleged herein knowingly and willfully, and in conscious disregard of Plaintiff's and putative Class Members' rights. Plaintiff and putative Class Members are thus entitled to recover nominal, actual, and compensatory damages, plus interest, attorneys' fees, expenses and costs of suit.

71.     As a proximate result of the aforementioned violations, Plaintiff and the putative Class have been damaged in an amount according to proof at time of trial.

72.     Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

### THIRD CAUSE OF ACTION
**Failure to Pay Minimum Wage**
**(By Plaintiff and the California Class)**

73.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

74.     Defendants have maintained policies and procedures that force Plaintiff and putative Class Members to work off the clock, without compensation – let alone the minimum wage. Due to Defendant's systematic denial of payment for all hours worked, Plaintiffs and putative Class Members are routinely compensated at a rate that is less than the statutory minimum wage.

75.     During the applicable statutory period, Labor Code §§ 1182.11, 1182.12, and 1197, and the Minimum Wage Order were in full force and effect and required that employees receive the minimum wage for all hours worked at the rate of eight dollars ($8.00) per hour commencing January 1, 2008, at the rate of nine dollars ($9.00) per hour commencing July 1, 2014, and at the rate of ten dollars ($10.00) per hour commencing January 1, 2016 and ending December 31, 2016. For employers with 26 or more employees, the minimum wage for all hours worked was ten dollars and fifty cents ($10.50) per hour from January 1, 2017 to December 31, 2017, inclusive; eleven dollars ($11.00) per hour from January 1, 2018 to December 31, 2018, inclusive; and twelve dollars ($12.00) per hour from January 1, 2019 to the present.

76.     IWC Wage Order 4-2001(2)(K) defines hours worked as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

77.     Labor Code § 1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this

minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

78.    Labor Code § 1194.2 provides that, in any action under § 1194 to recover wages because of the payment of a wage less than minimum wage fixed by an order of the Commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

79.    By failing to maintain adequate time records as required by Labor Code § 1174(d) and IWC Wage Order 4-2001(7), Defendant makes it difficult to calculate the minimum wage compensation due to Plaintiff and putative Class Members.

80.    As a direct and proximate result of Defendant's unlawful acts and/or omissions, Plaintiffs and putative Class Members have been deprived of minimum wages in an amount to be determined at trial, and are entitled to a recovery of such amount, plus liquidated damages, plus interest thereon, attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194, 1194.2 and 1197.1.

81.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

**FOURTH CAUSE OF ACTION**
**Failure to Pay Overtime Wages**
**(By Plaintiff and the California Class)**

82.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

83.    Defendant does not properly compensate Plaintiff and putative Class Members with appropriate overtime premiums, including time-and-a half premiums based on their regular rate of pay, as required by California law.

84.    California Labor Code § 510(a) provides as follows:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of

no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

85.     California Labor Code § 1194(a) provides as follows:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

86.     California Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation." All such wages are subject to California's overtime requirements, including those set forth above.

87.     Defendant's policies and practices of requiring Plaintiff and the putative Class Members to perform work off-the-clock before and after their paid shifts are unlawful. Even absent this off-the-clock work, many of Defendant's hourly, non-exempt employees who work in retail stores, including Plaintiff and putative Class Members, have worked over eight hours in a day and/or over forty hours in a week. Accordingly, as a result of Defendant's unlawful policy alleged herein of requiring Plaintiff and putative Class Members to perform off-the-clock work before the beginning of their paid shifts, while clocked out on meal breaks, and at other times, Plaintiff and putative Class Members have worked overtime hours for Defendant without being paid overtime premiums in violation of the California Labor Code, applicable IWC Wage Order, and other applicable law.

88.     Defendant has knowingly and willfully refused to perform its obligations to compensate Plaintiff and putative Class Members for all premium wages for overtime work. Defendant is liable to Plaintiff and putative Class Members alleged herein for the unpaid overtime and civil penalties, with interest thereon. Furthermore, Plaintiff and putative Class Members are entitled to an award of attorneys' fees and costs as set forth below.

///

89.   As a proximate result of the aforementioned violations, Plaintiff and the putative Class have been damaged in an amount according to proof at time of trial.

90.   Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

**FIFTH CAUSE OF ACTION**
**Failure to Authorize, Permit, and/or Make Available Meal and Rest Periods**
**(By Plaintiff and the California Class)**

91.   Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

92.   Defendant failed to make available and prevented full, timely, uninterrupted, compliant meal and rest breaks for Plaintiff and putative Class Members, and required them to continue working during these breaks.

93.   Defendant also failed to pay Plaintiff and putative Class Members one hour of premium pay for missed breaks.

94.   California Labor Code §§ 226.7 and 512 and the applicable IWC Wage Order require Defendant to authorize, permit, and/or make available timely and compliant meal and rest periods to its employees.  Labor Code §§ 226.7 and 512 and the IWC Wage Order prohibit employers from employing an employee for more than five hours without a meal period of not less than thirty minutes, and from employing an employee more than ten hours per day without providing the employee with a second meal period of not less than thirty minutes.  Labor Code § 226.7 and the applicable Wage Order also require employers to authorize and permit employees to take ten minutes of net rest time per four hours, or major fraction thereof of work, and to pay employees their full wages during those rest periods. Unless the employee is relieved of all duty during the thirty-minute meal period and ten-minute rest period, the employee is considered "on duty" and the meal or rest period is counted as time worked under the applicable Wage Order.

95.   Under Labor Code § 226.7(b) and the applicable Wage Order, an employer who fails to authorize, permit, and/or make available a required meal period must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period was not authorized and permitted and/or not made available. Similarly, an employer must pay an employee denied a required rest period one hour of pay at the

employee's regular rate of compensation for each workday that the rest period was not authorized and permitted and/or not made available.

96.    Despite these requirements, Defendant has knowingly and willfully refused to perform its obligations to authorize and permit and/or make available to Plaintiff and the putative Class Members the ability to take the timely and compliant off-duty meal and rest periods to which they are entitled.

97.    Defendant has also failed to pay Plaintiff and the putative Class Members one hour of pay for each timely, compliant, off-duty meal and/or rest period that they are denied.

98.    Defendant's conduct described herein violates California Labor Code §§ 226.7 and 512 and the applicable Wage Order. Therefore, pursuant to Labor Code § 226.7(b), Plaintiff and the putative Class Members are entitled to compensation for the failure to authorize and permit and/or make available meal and rest periods, plus interest, attorneys' fees, expenses, and costs of suit.

99.    As a proximate result of the aforementioned violations, Plaintiff and the putative Class Members have been damaged in an amount according to proof at time of trial.

100.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

### SIXTH CAUSE OF ACTION
**Failure to Reimburse for Necessary Business Expenditures Pursuant to Labor Code § 2802**
**(By Plaintiff and the California Class)**

101.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

102.    Defendant did not reimburse Plaintiff and putative Class Members for necessary business expenditures.

103.    Labor Code § 2802 provides, in relevant part:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful. … For the purposes of this section, the term "necessary expenditures or losses"

shall include all reasonable costs, including, but not limited to, attorney's
fees incurred by the employee enforcing the rights granted by this section.

104.     Defendant regularly required Plaintiff and putative Class
Members to pay out-of-pocket expenses for the usage of their personal cellular phones to receive,
review and respond to  work related communications. during and after their shifts. Defendant did
not reimburse Plaintiff and putative Class Members for these expenditures.

105.     Defendant is liable to Plaintiff and the putative Class Members
for the unreimbursed expenses and civil penalties, with interest thereon.  Furthermore, Plaintiff is
entitled to an award of attorneys' fees and costs as set forth below.

106.     As a proximate result of the aforementioned violations,
Plaintiff and the putative Class Members have been damaged in an amount according to proof at
time of trial.

107.     Wherefore, Plaintiff and the putative Class request relief as
hereinafter provided.

### SEVENTH CAUSE OF ACTION
**Waiting Time Penalties Pursuant to Labor Code §§ 201-203
(By Plaintiff and the California Class)**

108.   Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set
forth herein.

109.   Plaintiff and some putative Class Members have left their employment with
Defendant during the statutory period, at which time Defendant owed them unpaid wages.  These
earned, but unpaid, wages derive from time spent working outside of their scheduled and paid
shifts, including pre-shift duties, post-shift duties, addressing work related matters on off-days,
working through meal periods, performing other work-related activities, as well as unpaid
overtime compensation.

110.   California Labor Code § 201 provides:

If an employer discharges an employee, the wages earned and unpaid
at the time of discharge are due and payable immediately.

111.   Labor Code § 202 provides:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

112. Labor Code § 203 provides, in relevant part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

113. Defendant willfully refused, and continues to refuse, to provide Plaintiff and the putative Class with pay for off-the-clock work, and with meal and rest period premium pay. In particular, as alleged above, Defendant knew and continues to know that Plaintiff and the putative Class Members performed off-the-clock work before and after their scheduled or paid shifts, but refuses to pay Plaintiff and the putative Class Members for the off-the-clock work performed.

114. Accordingly, Defendant willfully refused and continues to refuse to pay Plaintiff and those members of the putative Class that left their employment with Defendant all the wages that were due and owing them upon the end of their employment. As a result of Defendant's actions, Plaintiff and the putative Class Members have suffered and continue to suffer substantial losses, including lost earnings and interest.

115. Defendant's willful failure to pay the former employees the wages due and owing them constitutes a violation of Labor Code §§ 201-202. As a result, Defendant is liable to them for all penalties owing pursuant to Labor Code §§ 201-203.

116. Labor Code § 203 provides that an employee's wages will continue as a penalty up to thirty days from the time the wages were due. Therefore, Plaintiff and the putative Class Members are entitled to such penalties pursuant to Labor Code § 203, plus interest.

117. As a proximate result of the aforementioned violations, Defendant is liable to Plaintiff and putative Class Members alleged herein for the amounts described, with interest thereon, in an amount according to proof at time of trial.

118.     Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

### EIGHTH CAUSE OF ACTION
**Violations of Labor Code § 226 – Itemized Wage Statements**
**(By Plaintiff and the California Class)**

119.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

120.     Defendant does not provide Plaintiff and putative Class Members with accurate itemized wage statements as required by California law.

121.     California Labor Code § 226(a) provides:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least four years at the place of employment or at a central location within the State of California.

122.     The IWC Wage Order also establishes this requirement. (See IWC Wage Order 4-2001(7)).

123.     Labor Code § 226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

Plaintiff seeks to recover actual damages, costs, and attorneys' fees under this section.

124.     Defendant fails to provide timely, accurate, itemized wage statements to Plaintiff and the putative Class in accordance with Labor Code § 226(a) and the IWC Wage Order.  In particular, the wage statements the Defendant provides its employees, including to Plaintiff and the putative Class, do not accurately reflect the actual hours worked, actual gross wages earned, or actual net wages earned.  This is because, in part, Defendant does not count as "hours worked" the off-the-clock time its hourly, non-exempt security guards work for Defendant's benefit prior to clocking in and clocking out for their shifts and on their days off.

125.     Defendant's failure to comply with Labor Code § 226(a) was and continues to be knowing and intentional.  Although, as alleged herein, Defendant was aware that Plaintiff and the putative Class Members performed off-the-clock work outside of their scheduled and paid shifts, Defendant systematically fails to include this time worked in their wage statements.

126.     Plaintiff and putative Class Members have suffered injury as a result of Defendant's knowing and intentional failure to provide timely, accurate itemized wage statements to them in accordance with Labor Code § 226(a).  In particular, the injury stemming from Defendant's violations is evidenced by this live and active dispute regarding unpaid wages, including overtime pay, between the Parties. As a result of Defendant's violations, Plaintiff and the putative Class are required to undertake the difficult and costly task of attempting to reconstruct Defendant's incomplete and inaccurate time and pay records to ensure that they are paid for all hours worked as required by California law.

127.     As a proximate result of the aforementioned violations, Defendant is liable to Plaintiff and putative Class Members alleged herein for the amounts described, with interest thereon, in an amount according to proof at time of trial. Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below, pursuant to Labor Code § 226(e)

128.     Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

///

///

///

**NINTH CAUSE OF ACTION**
**Violation of California Business and Professions Code §§ 17200, *et seq.***
**(By Plaintiff and the California Class)**

129.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

130.    The UCL, California Business and Professions Code §§ 17200, et seq., prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

131.    Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

132.    Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

133.    Beginning at an exact date unknown to Plaintiff and the putative Class, but at least since the date four years prior to the filing of this suit, Defendant has committed acts of unfair competition as defined by the UCL by engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including, but not limited to:

        a.    violations of Labor Code §§ 200, 204, 1194, and 1198 and applicable IWC Wage Order pertaining to the payment of wages for all hours worked;

        b.    violations of Labor Code § 510 and applicable IWC Wage Order pertaining to overtime;

        c.    violations of Labor Code §§ 226.7 and 512 and applicable IWC Wage Order pertaining to meal and rest breaks;

        d.    violations of Labor Code §§ 201-203; and

        e.    violations of Labor Code § 226 regarding accurate, timely itemized wage statements.

134.    The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages and discouraging overtime labor underlying them,

1  serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§
2  17200, et seq.

3      135.   The acts and practices described above constitute unfair, unlawful, and fraudulent
4  business practices, and unfair competition, UCL. Among other things, the acts and practices have
5  taken from Plaintiff's and putative Class Members' wages rightfully earned by them, while
6  enabling the Defendant to gain an unfair competitive advantage over law-abiding employers and
7  competitors.

8      136.   Business and Professions Code § 17203 provides that the Court may make such
9  orders or judgments as may be necessary to prevent the use or employment by any person of any
10 practice which constitutes unfair competition.  Injunctive relief is necessary and appropriate to
11 prevent Defendant from repeating the unlawful, unfair and fraudulent business acts and practices
12 alleged above.

13     137.   As a direct and proximate result of the aforementioned acts and practices, Plaintiff
14 and putative Class Members have suffered a loss of money and property, in the form of unpaid
15 wages which are due and payable to them.

16     138.   Business and Professions Code § 17203 provides that the Court may restore to any
17 person in interest any money or property which may have been acquired by means of such unfair
18 competition.  Plaintiff and putative Class Members are entitled to restitution pursuant to Business
19 and Professions Code § 17203 for all wages and payments unlawfully withheld from employees
20 during the four-year period prior to the filing of this Complaint.

21     139.   Plaintiff's success in this action will enforce important rights affecting the public
22 interest and, in that regard, Plaintiff sues on behalf of himself and others similarly situated.
23 Plaintiff and putative Class Members seek and are entitled to unpaid wages, declaratory relief, and
24 all other equitable remedies owing to them.

25     140.   Plaintiff herein take it upon himself to enforce these laws and lawful claims. There
26 is a financial burden involved in pursuing this action, the action is seeking to vindicate a public
27 right, and it would be against the interests of justice to penalize Plaintiff by forcing him to pay
28 ///

attorneys' fees from the recovery in this action.  Attorneys' fees are appropriate pursuant to Code of Civil Procedure § 1021.5 and otherwise.

141.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff prays for relief as follows:

142.    Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the FLSA, California Labor Code, and other laws of the State of California;

143.    For a declaratory judgment that Defendant has violated the FLSA, California Labor Code, the laws of the State of California, and public policy as alleged herein;

144.    For a declaratory judgment that Defendant has violated California Business and Professions Code §§ 17200, et seq., as a result of the aforementioned violations of the California Labor Code and of California public policy protecting wages;

145.    For preliminary, permanent, and mandatory injunctive relief prohibiting Defendant, its officers, agents, and all those acting in concert with them from committing in the future those violations of law herein alleged;

146.    For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;

147.    For an order awarding Plaintiff and the Collective and Class Members liquidated and compensatory damages, including lost wages, earnings, and other employee benefits, restitution, and all other sums of money owed to Plaintiff and Members of the Collective and the Class, together with interest on these amounts, according to proof;

148.    For an award of reasonable attorneys' fees as provided by the FLSA, California Labor Code, California Code of Civil Procedure § 1021.5, the laws of the State of California, and/or other applicable law;

149.    For all costs of suit;

150.    For interest on any damages and/or penalties awarded, as provided by applicable law; and

1    151.    For such other and further relief as this Court deems just and proper.

2

3                                          Respectfully submitted,

4    Date: October 16, 2019              /s/ *Carolyn H. Cottrell*

5                                          Carolyn H. Cottrell
                                          David C. Leimbach
6                                          SCHNEIDER WALLACE
                                          COTTRELL KONECKY
7                                          WOTKYNS LLP

8                                          Attorneys for Plaintiff and the
                                          Putative Collective and Class
9

10

11                          **DEMAND FOR JURY TRIAL**

12        Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff and the

13   putative Collective and Class are entitled to a jury.

14

15                                          Respectfully submitted,

16   Date: October 16, 2019              /s/ *Carolyn H. Cottrell*

17                                          Carolyn H. Cottrell
                                          David C. Leimbach
18                                          SCHNEIDER WALLACE
                                          COTTRELL KONECKY
19                                          WOTKYNS LLP

20                                          Attorneys for Plaintiff and the
                                          Putative Collective and Class
21

22

23

24

25

26

27

28